```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ERIC M. MISKOVICH,                      )
            Plaintiff,                  )
                                        )
           vs.                          ) Civil Action No. 06-1410
                                        ) Chief Judge Donetta W. Ambrose
L.T. HOSTOFFER; L.T. LOWTHER; C.O.      ) Magistrate Judge Lisa Pupo
ROSADO; C.O. HUTCHINSON; C.O. JOHN      ) Lenihan
DOE #1; DEPUTY WARDEN STEPHEN J.        )
CMAR; WARDEN JOHN R. WALTON;            )
COMMISSIONER THOMAS C. CERASO;          )
COMMISSIONER PHIL LIGHT; CHAIRMAN       )
TOM BAYLA; L.T. LUIS LEON; MAJOR        )
DONIS; CAPTAIN REESE; WARDEN RAMON      )
RUSTIN; C.O. WORRALL; C.O. PERRY        )
WRIGHT; C.O. FERRELL; DR.               )
RODRIQUEZ; PSYCHIATRIST NURSE           )
"LEROY"; C.O. JOHN DOE #2; C.O.         )
JOHN DOE #3; C.O. MAZZOCCA; C.O.        )
NORM MARTIN; C.O. CRAWLEY; C.O.         )
HANCOCK; C.O. PICCOLA; L.T. MAUST;      )
SGT. JOHN DOE #4 (A/K/A/ the            )
training sergeant); DR. PETRAS;         )
C.O. "KEITH"; and SUPERINTENDENT        )
DAVID DIGUGLIELMO,                      )
            Defendants.                 )

            MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

        It is respectfully recommended that Plaintiff's motions for injunctive relief filed at doc. nos. 6 and 7 be denied.

II.     REPORT

        Plaintiff, Eric Miskovich, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against twenty eight correctional officials and employees at several local and state institutions. In his requests for preliminary injunctive relief, Plaintiff complains that he must be shackled during exercise (doc. no. 6). He further complains that he was transferred to administrative housing for submitting articles that mocked the Pennsylvania Department of Corrections' (DOC) Mission

Statement.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).[1]

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d

---

[1] These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986). Cf. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury."  Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm:  the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order Defendants to allow him to exercise without shackles (notwithstanding his admission that he tried to escape from a county jail) and to release him back to general population.  Plaintiff's requests for injunctive relief cannot be granted at this time for several reasons.  First, it appears that his claims for injunctive relief against Defendants who are or were employees of SCI-Graterford, the correctional

facility at which he formerly was incarcerated prior to his transfer to ACJ, now are moot given that he has been transferred out of SCI-Graterford. *See, e.g.*, Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) (holding that inmates release from institution rendered moot his claim for injunctive or declaratory relief); Winsett v. McGinnes, 617 F.2d 996, 1004 (3d Cir. 1980). Likewise here, Plaintiff's transfer to another institution, *i.e.*, ACJ, moots any claims for injunctive and declaratory relief against Defendants at SCI-Graterford who no longer have responsibility to provide care to Plaintiff.

Second, Plaintiff's request for preliminary injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." ' Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal

courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Beard v. Banks, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motions that cannot be compensated with money damages; such relief, if necessary, should be required only after a full review of the relevant facts and law.  Accordingly, his motions for preliminary injunctions should be denied.

III.     CONCLUSION

It is respectfully recommended that Plaintiff's motions for injunctive relief filed at doc. nos. 6 and 7 be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

January 29, 2007

cc: Donetta W. Ambrose
    United States District Judge, Chief

    Eric M. Miskovitch
    49844
    Allegheny County Jail
    950 2nd Ave
    Pittsburgh, PA 15219-3100