IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC M. MISKOVITCH,<br><br>Plaintiff,<br><br>v.<br><br>L.T. HOSTOFFER; L.T. LOWTHER; C.O. ROSADO; C.O. HUTCHINSON; C.O. JOHN DOE #1; DEPUTY WARDEN STEPHEN J. CMAR; WARDEN JOHN R. WALTON; COMMISSIONER THOMAS C. CERASO; COMMISSIONER PHIL LIGHT; CHAIRMAN TOM BALYA; L.T. LUIS LEON; MAJOR DONIS; CAPTAIN REESE; WARDEN RAMON RUSTIN; C.O. WORRALL; C.O. PERRY WRIGHT; C.O. FARRELL; DR. RODRIGUEZ; PSYCHIATRIC NURSE "LEROY"; C.O. JOHN DOE #2; C.O. JOHN DOE #3; C.O. MAZZOCCA; C.O. NORM MARTIN; C.O. CRAWLEY; C.O. HANCOCK; C.O. PICCOLA; L.T.MAUST; SGT. JOHN DOE #4 (a/k/a the training sergeant); DR. PETRAS; C.O. "KEITH"; and SUPERINTENDENT DAVID DIGUGLIELMO,<br><br>Defendants. | Civil Action No. 06 - 1410<br><br>Chief Judge Donetta W. Ambrose /<br>Magistrate Judge Lisa Pupo Lenihan |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion for Judgment on the Pleadings pursuant to

Fed.R.Civ.P. Rule 12(c) filed by Mayview State Hospital, C.O. Keith, Dr. Petras, SCI-Graterford

and its superintendent, DiGuglielmo be granted in part and denied in part as set forth below.

## II. REPORT

Before the Court is a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. Rule 12(c) filed by Mayview State Hospital, C.O. Keith, Dr. Petras, SCI-Graterford and its superintendent, DiGuglielmo ("State Defendants"). The Motion requests dismissal of all claims against Mayview State Hospital and SCI-Graterford on immunity grounds, and a dismissal of the conspiracy count for failure to state a claim.

In deciding a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. Rule 12(c) the court applies the same standards as it would for a motion filed under Rule 12(b)(6). Wright & Miller, Federal Practice and Procedure §1367 (3d ed. 2004). Under this standard, the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). The motion should be granted where the Complaint fails to set forth facts stating a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (May 21, 2007). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990). In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

In response, Plaintiff admits that no claim was intended to be set forth against either Mayview State Hospital or SCI-Graterford. Therefore, it is recommended that the motion to dismiss all claims against those two entities should be granted.

Regarding the second part of the motion, the State Defendants aver that Plaintiff sets forth only conclusory allegations regarding a conspiracy against Superintendent DiGuglielmo based solely upon Plaintiff's belief that a conspiracy existed. According to these Defendants these allegations are not sufficient, even under the notice pleading standards of the federal rules.

In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Under the law of the Commonwealth of Pennsylvania, to state a claim for conspiracy, a plaintiff must allege:

1)    A combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an

3

unlawful purpose;

    2)     an overt act done in pursuance of the common purpose; and

    3)     actual legal damage.

*Goldstein v. Phillip Morris, Inc.,* 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (citation omitted).

A plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants. *Bieros v. Nicola,* 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993)). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Spencer v. Steinman,* 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). *See also Loftus v. Southeastern Pa. Transp. Auth.,* 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

In the present case, Plaintiff's Amended Complaint avers at Count Seven, that following his submission of an article to a prison publication, he was issued a report and "put back in the hole...." Amended Complaint ¶ 58. He was told that this punishment was based upon his prior escape attempts but avers that he had no escape charges pending and that, "at each of the institutions, where the individually named Defendants[1] here, have been involved, Plaintiff has

---

[1]The Court notes that at a status conference held on November 19, 2007, counsel for Plaintiff advised the Court that he is not asserting any conspiracy claim against the "Westmoreland County" Defendants.

been the subject of Defendants engaging in and continuing to engage in systematic patterns of harassment, threats and coercion...." Amended Complaint ¶ 59. The Amended Complaint goes on to aver that the actions of DiGuglielmo and the other Defendants have been in an attempt to retaliate against him for the exercise of his first amendment rights under the guise that he is an escape risk. He avers that these actions have been taken by Defendants in concert with each other via an implicit understanding. Amended Complaint ¶ ¶61, 62.

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of his claims at Count Seven of his Amended Complaint. The State Defendants further aver that, without the conspiracy count, venue against Superintendent DiGuglielmo is improper. However, since, at this time it is recommended that the conspiracy count be allowed to remain, venue is proper against the Superintendent.

## III. CONCLUSION

It is respectfully recommended that the motion for judgment on the pleadings filed by Defendants Mayview State Hospital, C.O. Keith, Dr. Petras, SCI-Graterford and its superintendent, DiGuglielmo (Doc. No. 42) be granted as to Plaintiff's claims against Mayview State Hospital and SCI-Graterford and that those entities be dismissed as Defendants in this action. It is further recommended that the remainder of the motion, requesting a judgment of dismissal as to Plaintiff's conspiracy claims, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report. Any party opposing the objections shall have seven (7) days from the

date of service of objections to respond thereto. Failure to timely file objections may constitute a

waiver of any appellate rights.

November 21, 2007

Lisa Pupo Lenihan
United States Magistrate Judge


cc:     All counsel of record