IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC M. MISKOVITCH,               )
                                  )
            Plaintiff,            )        Case No. 06-1410
                                  )
            v.                    )        Judge Donetta W. Ambrose
                                  )        Magistrate Judge Lisa Pupo Lenihan
LT. HOSTOFFER, et al.,            )
                                  )        Doc. No. 114
            Defendants            )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment Pursuant to Fed.R.Civ.P. Rule 56(c) or in the Alternative, Motion for Default Judgment Pursuant to Fed.R.Civ.P. Rule 55(b)(2) Relative to Defendant Rodriguez (Document No. 114) ("Motion") filed by Plaintiff Eric M. Miskovitch ("Plaintiff") be denied.

### II. REPORT

In his Second Amended Complaint, Plaintiff Eric M. Miskovitch ("Plaintiff") alleges that, during his incarceration, several defendants violated his First, Eighth, and Fourteenth Amendment rights, as well as committed other wrongs.  Particularly as to Defendant Rodriguez, to whom Plaintiff refers only as "Dr. Rodriguez," Plaintiff alleges in Count III that he "violated Plaintiff's rights under the 1st Amendment, and the 8th Amendment of the U.S. Constitution, or alternatively, Defendant[] violated Plaintiff's liberty interest and Plaintiff's procedural due process rights under the 14th Amendment of the U.S. Constitution.  Defendant[ Rodriguez and others] jointly and severally did violate § 1983."

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

In his Motion, Plaintiff does not provide sufficient facts to demonstrate that proper service has ever been effected upon Defendant Rodriguez. Therefore, the Court recommends that Plaintiff's Motion be denied.

### A.    Factual and Procedural History

The allegations in Plaintiff's Second Amended Complaint arise from incidents during his incarceration at SCI Graterford, the Westmoreland County Prison, Allegheny County Jail, and Mayview State Hospital. He encountered Defendant Rodriguez during his stay at Allegheny County Jail.

Plaintiff asserts that on July 14, 2006, Defendant Rodriguez had him strapped to a bed for 30 hours, during which time he was injected with thorazine, an anti-psychotic chemical restraint. Plaintiff also asserts that on August 4, 2006, Defendant Rodriguez caused Plaintiff to be served "bag meals" in an effort to modify his behavior.

This case involves a lengthy procedural history; only the history relevant to the instant Motion is reproduced here. On October 20, 2006, Plaintiff filed a pro se Motion for Leave to Proceed in Forma Pauperis with a Complaint attached. That Motion was granted and the Complaint filed on November 1, 2006. On March 1, 2007, an Order was issued instructing Plaintiff to provide the Court with a completed U.S. Marshal Form 285 and a completed Notice of Lawsuit and Waiver of Service of Summons for every defendant before October 22, 2007.

Prior to that date, however, on March 19, 2007, an attorney entered an appearance on Plaintiff's behalf, and Plaintiff was granted leave and additional time to file an amended complaint, which he did on July 1, 2007. On August 24, 2007, Plaintiff filed a Praecipe to Issue Summons, and on August 30, 2007, he filed a Certificate of Service stating that he "served on each named

defendant, who has not appeared or otherwise had an appearance entered on their behalf, a copy of the [Amended] Complaint, together with the Summons, and a Request for Waiver of Service" by "first class mail, certified, restricted delivery."

On February 20, 2008, Plaintiff filed a Second Amended Complaint.  On August 20, 2008, Plaintiff's attorney filed a Motion to Withdraw, which was granted on August 21, 2008.  Plaintiff then filed a Proposed Third Amended Complaint on December 1, 2008, which was stricken by Order of Court on December 3, 2008, for Plaintiff's failure to first obtain leave of court.  With each new complaint, some defendants were terminated and others added.

On October 27, 2009, Plaintiff filed the instant Motion.  Defendants Allegheny County Jail, Luis Leon, Donis, Reese, Warden Ramon Rustin, Worrall, and Mazzocca filed a Response on November 5, 2009.

### B.      Motion for Default Judgment

When a defendant "has failed to plead or otherwise defend," the court may enter a default judgment against that individual upon request of another party.  Fed.R.Civ.P. 55.  A default judgment is improper, however, against a defendant who has not been properly served with the complaint.  *United States v. One Toshiba Color TV*, 213 F.3d 147, 156 (3d Cir. 2000).

Upon commencement of an action, the plaintiff must have every defendant served with a summons and a copy of the complaint.  Fed.R.Civ.P. 4(c).  Any individual who is over 18 years old and not a party to the suit may serve a summons and complaint on a defendant.  Fed.R.Civ.P. 4(c)(2).  If the defendant is within the United States, proper service may be effected by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:

3

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).  The plaintiff must provide proof of service to the court through the server's affidavit.  Fed.R.Civ.P. 4(l)(1).

Alternatively, the plaintiff may request a defendant's waiver of service of a summons. Fed.R.Civ.P. 4(d)(1).  To do so, he may mail to the defendant a copy of the complaint and waiver forms.  Fed.R.Civ.P. 4(d)(1)(C).   In that instance, the plaintiff need not provide the court proof of service.  Fed.R.Civ.P. 4(d)(4).  If the defendant does not waive service, then he may be responsible for the costs of effecting service.  Fed.R.Civ.P. 4(d)(2)(a).

If service of the complaint does not take place within 120 days of its being filed, the court may either dismiss the defendant without prejudice or issue an order that service must be made within a specified time.  Fed.R.Civ.P. 4(m).

Particular to a plaintiff who is proceeding in forma pauperis, the court must order that service be made by a United States marshal, deputy marshal, or another court-appointed person. Fed.R.Civ.P. 4(c)(3). In that instance, "[t]he officers of the court shall issue and serve all process...." 28 U.S.C. § 1915(d).  As such, a plaintiff cannot be "penalized for failure to effect service where it failed through no fault of his own." *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), superseded in part by statute on other grounds, 42 U.S.C. § 1997e(a), as stated in *Ghana v. Holland*, 226 F.3d 175, 184 (3d Cir. 2000).  The plaintiff must, though, provide sufficient identifying information to aid the appointed individual in effectuating service.  *Wilson v. Vaughn*, No. Civ. A. 93-6020, 1996

4

U.S. Dist. LEXIS 3068, at *3 (E.D. Pa. Mar. 14, 1996), *citing Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) and *Puett v. Blandford*, 895 F.2d 630, 635 (9th Cir. 1990).

Plaintiff's Motion will be treated as a Motion for Default Judgment. He requests that the Court enter a default judgment against Defendant Rodriguez for his "failure to plead or defend." Plaintiff does not aver that service was effected as to Defendant Rodriguez, but points out that in a set of Requests for Production, Attorney Maravich listed Defendant Rodriguez among those on whose behalf he submitted the Requests. In the Response filed by Attorney Maravich on behalf of Defendants Leon, Donis, Reese, Rustin, Worrall, Mazzocca, and the Allegheny County Jail, he calls Defendant Rodriguez's inclusion "an insignificant typographically [sic] error" and states that Defendant Rodriguez was never represented by the Allegheny County Law Department. In fact, neither Mr. Maravich or any other attorney has ever entered an appearance on behalf of Defendant Rodriguez on the docket.

### C.    Analysis

Plaintiff has provided no documentation to show that Defendant Rodriguez has ever been served with either the Complaint, Amended Complaint, or Second Amended Complaint.

With Plaintiff's Complaint, he sent to the Court a request to proceed in forma pauperis. That request was granted, and Plaintiff provided the required Authorization for deduction of monies from his prison account for the filing fee. At that point, it was the Court's responsibility to effectuate service of the Complaint and summons on all defendants. So long as Plaintiff provided enough information so that those defendants could be identified and served, Plaintiff could not be prejudiced by their failure to be served.

The Court did not serve the Complaint at that time, however, because soon after the Court requested the required forms from Plaintiff, an attorney entered an appearance on his behalf and filed an Amended Complaint.

With the filing of the Amended Complaint, Plaintiff's attorney assumed the duty of effecting service and subsequently filed a related Certificate of Service.  The Certificate of Service notes, without specifically naming defendants, that "each named defendant, who has not appeared or otherwise had an appearance entered on their [sic] behalf" was provided the summons, Amended Complaint, and Request for Waiver of Service by first class mail.

Plaintiff has failed to produce a signed waiver form from Defendant Rodriguez.  Attached to his Motion is only a copy of the Request sent to Defendant Rodriguez. stating, without specifically naming the defendants, that each was served with the Amended Complaint, summons, and a Request for Waiver of Service by "first class mail, certified, restricted delivery."

Plaintiff's Second Amended Complaint followed, also accompanied by a Certificate of Service.  That document asserts that Plaintiff's attorney sent a copy of the Second Amended Complaint to each of three attorneys, listing the clients represented by those attorneys.  Defendant Rodriguez is not identified as one of those defendants.

The Second Amended Complaint shows on its face that it was not served upon Defendant Rodriguez.  Its Certificate of Service names the defendants to whose attorneys the materials were sent and blatantly omits Defendant Rodriguez.  While the Second Amended Complaint names 23 defendants, its Certificate of Service identifies only 22.

6

Plaintiff's calling attention to the Request for Production of Documents does not evidence that Defendant Rodriguez has ever been served.  No attorney has ever entered an appearance on Defendant Rodriguez's behalf.

Therefore,  since it has not been shown that Defendant Rodriguez has been properly served, it is recommended that Plaintiff's Motion be denied. While it remains Plaintiff's responsibility to effect service on all defendants, because Plaintiff is proceeding pro se and because this appears to have been his former counsel's mistake, the court will assist Plaintiff in attempting to serve Defendant Rodriguez by entering a service order for the U.S. Marshal to serve Defendant Rodriguez at the Allegheny County Jail. If he does not work at the jail, however, it will be Plaintiff's responsibility to advise the court of an address at which to serve him, otherwise, he may be dismissed from the case.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that Plaintiff's Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an  appeal to the District Judge, which includes the basis for objection to this Order.  Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto.  Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

Dated: December 2, 2009                     By the Court:


cc:      Counsel of Record                  _____
                                            Lisa Pupo Lenihan
                                            United States Magistrate Judge